# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NIEYAH WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>NORTH POINT TRANSPORTATION GROUP, INC., a Domestic Profit Corporation,<br><br>    Defendant. | Case No.: |

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, NIEYAH WILLIAMS, by and through the undersigned attorney, and sues the Defendant, NORTH POINT TRANSPORTATION GROUP, INC., (hereinafter referred to as "Defendant"), and alleges as follows:

## INTRODUCTION

1. This is an action by the Plaintiff against her former employer for unpaid overtime wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and any other relief available.

2. This action is brought under the FLSA to recover, from Defendant, overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

## PARTIES

3. Plaintiff was employed as a dispatcher for Defendant and performed related activities at their place of business located at 1454 Willingham Drive, Atlanta, Georgia 30344.

4. Defendant is a Domestic Profit Corporation which operates and conducts business in the City of Atlanta, Fulton County, Georgia, and is therefore within the jurisdiction of this Court.

## JURISDICTION

5. This action arises under the FLSA, 29 U.S.C. §210, *et. seq*. The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

## VENUE

6. The venue of this Court over this controversy is proper based upon the claim arising in the City of Atlanta, Fulton County, Georgia.

## FACTS

7. Defendant is a full service worldwide chauffeured transportation and limousine service company located in Atlanta, Georgia with global reach and with over 27-years of experience in the limousine and ground transportation industry.

8. Plaintiff worked for Defendant as a dispatcher and performed related job duties.

9. Plaintiff worked for Defendant without being paid the correct overtime premium rate of time and one-half her regular rate of pay for *all* hours worked in excess of forty (40) hours within a work week.

10. Defendant controlled and/or was responsible for the work of Plaintiff and was aware that she was not properly compensated.

11. Plaintiff worked for the Defendant from approximately November 2015 through January 2017.

12. Defendant paid Plaintiff $13.67 per hour.

13. Plaintiff's pay varied weekly based on the amount of hours that she worked.

14. Plaintiff was not paid the same amount on a weekly basis.

15. Plaintiff was eligible for overtime pay if she worked more than forty (40) hours in a workweek.

16. Defendant was required to pay overtime pay to its employees if they worked more than forty (40) hours per week.

17. Plaintiff worked overtime hours on a weekly basis throughout her employment.

18. Specifically, Plaintiff worked approximately fifty (50) hours per week.

19. Despite working more than forty (40) hours per week, Plaintiff was not paid compensation for *all* hours worked over forty (40) hours within a work week during several weeks of employment.

20. Defendant was aware of the overtime hours worked.

21. Plaintiff complained to Defendant that she was not being paid for all overtime hours worked.

22. Defendant ignored Plaintiff's complaints.

23. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of the Defendant.

## **COVERAGE**

24. At all material times relevant to this action (2014-2017), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

25. At all material times relevant to this action (2014-2017), Defendant made gross earnings of at least $500,000 annually.

26. At all material times relevant to this action (2014-2017), Defendant accepted payments from customers based on credit cards issued by out-of-state banks, nationwide.

27. At all material times relevant to this action (2014-2017), Defendant routinely ordered equipment, materials, merchandise, products, and supplies from out-of-state vendors and/or entities (i.e., used the telephone or computers to place and receive business calls).

28. At all material times relevant to this action (2014-2017), Defendant had two (2) or more employees engaged in commerce, handling or otherwise working on materials that have been moved in or produced for commerce (i.e., used the telephone or computers to place and receive business calls).

29. At all material times relevant to this action (2014-2017), Plaintiff was individually engaged in commerce during her employment with Defendant by using telephone(s) or computer(s) to place and receive business calls, products, and supplies to outside of Georgia.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**
**AGAINST NORTH POINT TRANSPORTATION GROUP, INC.**

30. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 – 29 above.

31. Plaintiff is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) hours per work week.

32. During Plaintiff's employment with Defendant, Plaintiff worked overtime hours but was not paid time and one-half her regular rate of pay for the same during several weeks.

33. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) hours per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

34. Defendant neither maintained nor kept accurate time records as required by the FLSA for Plaintiff.

35. Also, Defendant failed to post required FLSA informational listings as required by law.

36. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, NIEYAH WILLIAMS, demands judgment against NORTH POINT TRANSPORTATION GROUP, INC., for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by Plaintiff for which Defendant did not properly compensate Plaintiff, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court determines to be just and appropriate.

# DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

*/s/ Carlos V. Leach*
Carlos V. Leach, Esq.
Ga. Bar No.: 488443
**MORGAN & MORGAN, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Direct: (404) 496-7295
Main: (404) 965-8811
Facsimile: (404) 965-8812
E-mail: CLeach@forthepeople.com
***Attorneys for Plaintiff(s)***